WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Jenghiz K. Stewart,                )
                                   )
             Plaintiff,            )
                                   )
      v.                           )    CIV 05-2567 PHX MHM (VAM)
                                   )
Canteen Food Services, et al.,     )    O R D E R
                                   )
             Defendants.           )

On November 25, 2005, plaintiff filed a "Motion to Strike and Clarify Statements." (Doc. 9). In this Motion, plaintiff attempts to strike certain allegations from his Complaint and substitute other allegations. Plaintiff is advised he cannot proceed in this manner. If plaintiff seeks to strike allegations and insert new allegations, he must do so through a motion to amend pursuant to Rule 15, Federal Rules of Civil Procedure, and Civil Local Rule 15.1. Therefore, plaintiff's Motion to Strike and Clarify is denied.

On February 10, 2006, plaintiff filed a "Motion for Extension of Time to Fulfill Duty to Disclose...Rule 26.1 Ariz.R.Civ.Proc." (Doc. 19). First, plaintiff is informed that the Arizona Rules of Civil Procedure are not applicable to this proceeding. The Federal Rules of Civil Procedure are applicable in federal court. It appears from the Motion that plaintiff is seeking additional time to mail to opposing counsel his initial disclosure pursuant

to Rule 26(a)(1), F.R.Civ.P.  This Rule requires the parties to exchange certain initial disclosures.  It is clear from the context of plaintiff's Motion that he does not understand what must be disclosed under this Rule.  This Rule does not require disclosure to the other party of things filed with the Court-- plaintiff is to mail a copy at the time he files his documents in Court as originally directed in the Court's Order.  This Rule also does not require plaintiff to send copies of discovery materials as those will be sent to opposing counsel during the course of discovery.  Plaintiff is directed to read carefully the requirements of Rule 26(a)(1), F.R.Civ.P.  A careful reading of the Rule will disclose to plaintiff what is required by the Rule. Now that defendant Kline has submitted an Answer (Doc. 18), the Court will set a scheduling order.

On February 10, 2006, plaintiff filed a "Request for Documents."  (Doc. 20).  It is not completely clear what plaintiff is seeking.  However, it appears that plaintiff is asking the Court to make copies of the things he has filed with the Court and mail them back to him.  Plaintiff is advised the Court does not do this without prepayment.  When plaintiff files documents with the Court, he must keep his own copy.  If he wants copies from the Court, he must pay for them in advance.  The documents that plaintiff requests from the Court are items he has already filed. In addition, he requests a copy of the Court's Order dated November 3, 2005.  (Doc. 6).  The Court knows plaintiff has a copy of this Order because he is objecting to it.  Similarly, the Court knows that plaintiff has a copy of his Complaint as he is

attempting to strike and substitute certain phrases.  Therefore, this Motion will be denied.

**IT IS THEREFORE ORDERED** denying plaintiff's Motion to Strike and Clarify Statements.  (Doc. 9).

**IT IS FURTHER ORDERED** denying as moot plaintiff's Motion for Extension of Time to Fulfill Duty to Disclose.  (Doc. 19).

**IT IS FURTHER ORDERED** denying plaintiff's Motion to Produce Documents.  (Doc. 20).

**IT IS FURTHER ORDERED** that the parties shall comply with the following deadlines and discovery orders:

<u>EVENT</u>                                              <u>DEADLINE</u>

1.  Motions to amend the complaint shall be filed no later than:                                              **Mar. 21, 2006**

2.  Last day by which discovery requests may be submitted (discovery request cutoff date)        **May 22, 2006**

    2.1.  No discovery requests may be submitted after this date except by stipulation of the parties or by Court order for good cause shown.

    2.2.  Responses to discovery must be filed within the time provided by the rules unless the parties stipulate otherwise.

3.  If defendants desire to take plaintiff's deposition they may do so by no later than                     **June 22, 2006**

    3.1. Leave of Court for the taking of such deposition is granted pursuant to Rule 30(a)(2), Federal Rules of Civil Procedure.  The deposition may be taken by telephone at the option of defendant(s).

4.  Discovery disputes must be brought to the

3

|   |   |   |
|---|---|---|
| 1 | attention of the Court by | **July 21, 2006** |

        4.1.   See paragraph 8 regarding discovery dispute procedure.

    5.   Dispositive motion deadline is **Aug. 21, 2006**

    6.   Proposed joint pretrial statement filed with the Court by **Oct. 23, 2006**

        6.1.   Defendant(s) are responsible for initiating the drafting and submission of the proposed pretrial statement in the form prescribed by the assigned trial judge.

        6.2.   If dispositive motions are filed, then this pretrial statement shall be due thirty (30) days following resolution of the motions.

    7.   Limits on discovery.

        7.1.   Interrogatories:  No more than 25 (including subparts) by each party to any other party

        7.2.   Requests for production of documents:  No more than 15 from each party to any other party

        7.3.   Requests for admissions:  No more than 10 from each party to any other party

        7.4.   Depositions:  Because of the logistical problems involved, self-represented incarcerated parties may not take depositions without prior  Court permission.  Such permission will not be granted except upon a showing of exceptional circumstances.

    8.   Discovery disputes.

        8.1.   The Court will not entertain motions to compel discovery, motions for sanctions, motions for protective orders, or the like unless and until there has been compliance with the

following procedure:  *In the event of a dispute over discovery, the parties must confer in good faith, in person or by telephone, and attempt to resolve the dispute. Rule 37(a), Federal Rules of Civil Procedure; LRCIV 7.2(j), Rules of Practice of the U.S. District Court for the District of Arizona.  If the dispute remains unresolved, the parties must arrange and participate in a telephonic conference with the undersigned judge prior to bringing any discovery motions.*

DATED this 22nd day of February, 2006.

_____
Virginia A. Mathis
United States Magistrate Judge