1  WO

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8   Jenghiz K. Stewart,            )
                                   )
9                   Plaintiff,     )
                                   )
10          v.                     )       CIV 05-2567 PHX MHM (VAM)
                                   )
11  Canteen Food Services, et al., )       O R D E R
                                   )
12  _____Defendants.  )

13      On March 8, 2006, plaintiff filed a Motion to Appoint

14  Counsel.  (Doc. 25).  There is no constitutional right to

15  appointment of counsel in a civil case.  See Ivey v. Board of

16  Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982);

17  Randall v. Wyrick, 642 F.2d 304 (8th Cir. 1981).  Moreover, the

18  only statutory authority creating a basis for appointment is 28

19  U.S.C. §1915(e)(1), which confers on the court the discretion to

20  appoint counsel to represent an indigent civil litigant.  Aldabe

21  v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  The Court cannot compel

22  a lawyer to represent an indigent plaintiff.  Mallard v. U.S.

23  District Court for the Southern District of Iowa, 490 U.S. 296

24  (1989).  An appointment of counsel may be requested under 28

25  U.S.C. §1915(e)(1) only in "exceptional circumstances."  Aldabe,

26  616 at 1089; Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986).

27      This rule is derived from Weller v. Dickson, 314 F.2d 598,

28  600 (9th Cir.), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11

1   L.Ed.2d 72 (1963) which held that "the privilege of pleading in
2   forma pauperis . . . in civil actions for damages should be
3   allowed only in exceptional circumstances." See Wilborn, 789 F.2d
4   at 1328. Weller was extended, without apparent comment, to
5   "appointment of counsel" in United States v. Madden, 352 F.2d 792,
6   794 (9th Cir. 1965). Madden was then cited for the rule in
7   Alexander v. Ramsey, 539 F.2d 25, 26 (9th Cir. 1976); United
8   States v. McQuade, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal
9   after remand, 647 F.2d 938, 940 (9th Cir. 1981), cert. denied, 455
10  U.S. 958, 102 S.Ct. 1470, 71 L.Ed.2d 677 (1983); Aldabe, 616 at
11  1093; and Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984).

12       A finding of exceptional circumstances requires an evaluation
13  of both "the likelihood of success on the merits [and] the ability
14  of the petitioner to articulate his claims pro se in light of the
15  complexity of the legal issues involved." Weygandt v. Look, 718
16  F.2d 952, 954 (9th Cir. 1983), quoted in Richards v. Harper, 864
17  F.2d 85 (9th Cir. 1988). Neither of these factors is dispositive
18  and both must be viewed together before reaching a decision on a
19  request for counsel under section 1915(d). Wilborn, 789 F.2d at
20  1331.

21       Here, plaintiff has not demonstrated a likelihood of success
22  on the merits. In addition, plaintiff has failed to show that any
23  difficulty he is experiencing in attempting to litigate this case
24  is derived from the complexity of the issues involved. While most
25  actions, such as the instant case, require development of
26  supporting facts during litigation and a pro se litigant will
27  seldom be in a position to investigate easily the facts to support

28                                    2

1  the case, this does not equate with showing the complexity of the

2  relevant issues.  Wilborn, 789 F.2d at 1331.

3      The Ninth Circuit has held that the constitutional right of

4  access to the courts requires that the state provide assistance

5  only through the pleading stage.  Cornett v. Donovan, 51 F.3d 894,

6  898 (9th Cir. 1995), cert. denied, 518 U.S. 1033, 116 S. Ct. 2580

7  (1996).  This case is beyond the pleading stage and at the present

8  time does not present "exceptional circumstances" requiring the

9  appointment of counsel.

10     On March 8, 2006, plaintiff filed a Motion for

11  Reconsideration of the Court's Order dated February 22, 2006.

12  (Doc. 26).  "Motions to reconsider are appropriate only in rare

13  circumstances."  Defenders of Wildlife v. Browner, 909 F.Supp.

14  1342, 1351 (D.Ariz. 1995).  "Reconsideration is appropriate if the

15  district court (1) is presented with newly discovered evidence,

16  (2) committed clear error or the initial decision was manifestly

17  unjust, or (3) if there is an intervening change in controlling

18  law."  School Dist. No. 1J, Multnomah County v. ACandS, Inc., F.3d

19  1255, 1263 (9th Cir. 1993).  "The purpose of a motion for

20  reconsideration is to correct manifest errors of law or fact or to

21  present newly discovered evidence."  Harsco Corp. v. Zlotnicki,

22  779 F.2d 906, 909 (3rd Cir. 1985), cert. denied, 476 U.S. 1171

23  (1986).  Such motions should not be used for the purpose of asking

24  a court to "to rethink what the court had already thought

25  through--rightly or wrongly."  Defenders of Wildlife, 909 F.Supp.

26  at 1351 (quoting Above the Belt, Inc. v. Mel Bohannon Roofing,

27  Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)."

28                                    3

1    Plaintiff's Motion for Reconsideration does not raise any new

2    issues, present any new facts or show any change in the law.

3    There has been no change in the law and the Motion for

4    Reconsideration will be denied.

5    On April 24, 2006, plaintiff filed with the Court his first

6    set of interrogatories, first request for production of documents

7    and first set of requests for admissions.  (Docs. 27, 28, 29).

8    Plaintiff is advised he is not to file his discovery requests with

9    the Court.  Under the Rules, plaintiff is required to serve the

10   original on opposing counsel and merely file a notice with the

11   Court indicating that such documents have been sent to opposing

12   counsel.  In the future, plaintiff is directed not to file his

13   discovery requests unless the Court allows such filing.

14   On April 24, 2006, plaintiff filed a "Petition for Leave of

15   Court to Take Written Depositions of Witnesses." (Doc. 30).  In

16   this request, plaintiff asks to take written depositions of

17   numerous persons.  The people are referred to as "correction

18   officers located at both CB6 and South Unit kitchen" and

19   "convicted felons who worked in the kitchen...convicted felons who

20   were housed in the same section of CB6 as the plaintiff..."  The

21   Court also notes that plaintiff seeks leave to depose several

22   other parties as well.  The number of persons listed for

23   depositions is 30.  Plaintiff has not shown cause for leave of

24   Court to send written questions to these 30 individuals.

25   Plaintiff has not made a showing of the questions that would be

26   asked of these witnesses.  The Motion will be denied.  Leave of

27   court to proceed with written depositions of persons who are not

28                                   4

parties to the lawsuit is typically not granted in the prison
context because of its disruption to prison operations.  Plaintiff
has not shown sufficient cause or relevance for the Court to allow
30 written depositions.

On May 16, 2006, defendant Kline filed a Motion for Summary
Judgment.  (Doc. 31).  Plaintiff filed a response on May 16, 2006
before receiving the Court's <u>Rand</u> notice.  Therefore, the Court
will now give plaintiff a <u>Rand</u> notice and give him an opportunity
to supplement his response no later than June 30, 2006.

### NOTICE--WARNING TO PLAINTIFF

***THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT***[1]

Defendant's Motion for Summary Judgment seeks to have your
case dismissed.  A motion for summary judgment under Rule 56 of
the Federal Rules of Civil Procedure will, if granted, end your
case.

Rule 56 tells you what you must do in order to oppose a
motion for summary judgment.  Generally, summary judgment must be
granted when there is no genuine issue of material fact--that is,
if there is no real dispute about any fact that would affect the
result of your case, the party who asked for summary judgment is
entitled to judgment as a matter of law, which will end your case.
When a party you are suing makes a motion for summary judgment
that is properly supported by declarations (or other sworn
testimony), you cannot simply rely on what your complaint says.
Instead, you must set out specific facts in declarations,

---

[1]<u>Rand v. Rowland</u>, 154 F.3d 952, 962 (9th Cir. 1998).

5

1    depositions, answers to interrogatories, or authenticated

2    documents, as provided in Rule 56(e), that contradict the facts

3    shown in the defendant's declarations and documents and show that

4    there is a genuine issue of material fact for trial.  If you do

5    not submit your own evidence in opposition, summary judgment, if

6    appropriate, may be entered against you.  If summary judgment is

7    granted, your case will be dismissed and there will be no trial.

8        LRCiv 56.1 of the Rules of Practice of the United States

9    District Court for the District of Arizona also requires, in

10   addition, that you include as a part of your opposition to a

11   Motion for Summary Judgment a separate statement of facts in

12   opposition to the Motion for Summary Judgment.

13        (a)  Any party filing a motion for summary judgment
          shall set forth separately from the memorandum of law,
14        and in full, the specific facts on which that party
          relies in support of the motion.  The specific facts
15        shall be set forth in serial fashion and not in
          narrative form.  As to each fact, the statement shall
16        refer to a specific portion of the record where the fact
          may be found (i.e., affidavit, deposition, etc.).  Any
17        party opposing a motion for summary judgment must comply
          with the foregoing in setting forth the specific facts,
18        which the opposing party asserts, including those facts
          which establish a genuine issue of material fact
19        precluding summary judgment in favor of the moving
          party.  In the alternative, the movant and the party
20        opposing the motion shall jointly file a stipulation
          signed by the parties setting forth a statement of the
21        stipulated facts if the parties agree there is no
          genuine issue of any material fact.  As to any
22        stipulated facts, the parties so stipulating may state
          that their stipulations are entered into only for the
23        purposes of the motion for summary judgment and are not
          intended to be otherwise binding.

24        Additional provisions of LRCiv 7.2, Rules of Practice of the

25   United States District Court for the District of Arizona are as

26   follows:

27

28                                      6

Subparagraph (e) of that Rule provides:

Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.  Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

Subparagraph (i) of LRCiv 7.2 provides:

If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

**It is plaintiff's obligation to timely respond to all motions.  The failure of plaintiff to respond to defendant's Motion for Summary Judgment may in the discretion of the Court be deemed a consent to the granting of that Motion without further notice, and judgment may be entered dismissing the complaint and action with prejudice pursuant to LRCiv 7.2(i).  See <u>Brydges v. Lewis</u>, 18 F.3d 651 (9th Cir. 1994) (per curiam).**

On May 16, 2006, defendant Kline filed an Opposition to plaintiff's Petition for Leave of Court to Take Written Depositions and Cross-Motion to Stay Discovery.  (Doc. 35).  The Court has already ruled that the Motion to take written depositions will be denied.  The Motion to Stay Discovery is well taken.  It requests a stay of discovery based on defendant Kline's Motion for Summary Judgment which raises qualified immunity.  The Motion further points out that the discovery which plaintiff attempted to serve was served improperly and is particularly

1   objectionable.  Many of the discovery requests, which were

2   improperly served, ask for irrelevant information, are

3   argumentative, are not questions but rather statements of

4   plaintiff's position and make very personal inquiries which do not

5   appear to be relevant.  Plaintiff's first set of interrogatories,

6   first set for requests for admissions and first request for

7   production of documents to defendant Kline need not be answered as

8   they have not been properly served.  In addition, the Court will

9   grant the request for stay of discovery filed by defendant Kline

10   as the Motion for Summary Judgment may well dispose of all issues

11   with regard to defendant Kline.  Also, because the Motion raises

12   qualified immunity, a stay is proper pursuant to <u>Harlow v.</u>

13   <u>Fitzgerald</u>, 457 U.S. 800, 818 (1982).  If plaintiff believes

14   discovery is necessary to oppose the Motion for Summary Judgment,

15   plaintiff's attention is directed to Rule 56(f), F.R.Civ.P.

16   Defendant Kline's Motion to Stay Discovery will be granted and

17   discovery is stayed.

18       On May 15, 2006, plaintiff filed a "Motion for

19   Clarification."  (Doc. 36).  In the Motion, plaintiff asks what it

20   means to "withdraw the reference to the Magistrate Judge."

21   Plaintiff has correctly construed what it means to withdraw the

22   reference; that is, it means that the presiding judge in this

23   case, Judge Murguia, will rule on the motion rather than the

24   Magistrate Judge.

25       **IT IS THEREFORE ORDERED** denying without prejudice plaintiff's

26   Motion for Appointment of Counsel.  (Doc. 25).

27       **IT IS FURTHER ORDERED** denying plaintiff's Motion for

28                         8

1  Reconsideration.  (Doc. 26).

2      **IT IS FURTHER ORDERED** granting defendant's Motion for Stay of

3  Discovery filed by defendant Kline.  (Doc. 35).  Discovery is

4  stayed as to defendant Kline.

5      **IT IS FURTHER ORDERED** denying plaintiff's Petition for Leave

6  of the Court to Take Written Depositions of Witnesses.  (Doc. 30).

7      **IT IS FURTHER ORDERED** that if plaintiff wishes he may file a

8  supplemental response to defendant Kline's Motion for Summary

9  Judgment no later than June 30, 2006.

10      **IT IS FURTHER ORDERED** granting the Motion for Clarification

11  as set forth above.  (Doc. 36).

12      DATED this 5th day of June, 2006.

13

14  _Virginia A. Mathis_

15  Virginia A. Mathis
    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28