**WO**  JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart,       ) | No. CV 05-2567-PHX-MHM (MHB) |
| Plaintiff,       ) | **ORDER** |
| vs.       ) | |
| Canteen Food Services, et al.,       ) | |
| Defendants.       ) | |

Plaintiff, an inmate in the custody of the Arizona Department of Corrections (ADC), filed this civil rights action against Vanessa Klein, former Food Service Supervisor with Canteen Food Services, the company contracted to provide food services to inmates (Doc. #1).[1] Before the Court are the following motions: (1) Defendant Klein's Motion for Reconsideration of the December 27, 2006 Summary Judgment Order (Doc. #49); (2) Plaintiff's Motion Seeking Relief from Previous Order (Doc. #52); (3) Defendant's Motion to Strike (Doc. #67); and (4) Plaintiff's Motion for Leave to File a Traverse (Doc. #73). The Court will deny the motions.

**I.    Background**

Plaintiff filed a Complaint alleging that his free exercise of religion was hindered because he was often served meals that contained meat or eggs, which are not part of his

---

[1] Upon screening, the Court dismissed Canteen Food Services as a Defendant (Doc. #6). Plaintiff also sued an "unknown" breakfast supervisor and an assistant supervisor; however, the Court did not order service on these two individuals (Id.).

religious lacto vegetarian diet (Doc. #1 at 4).[2] Defendant moved for summary judgment on the grounds that (1) Plaintiff failed to exhaust his available administrative remedies; (2) Plaintiff failed to state a claim against Defendant; and (3) Defendant is entitled to qualified immunity (Doc. #31). The Court denied Defendant's motion except as to Plaintiff's claim for injunctive relief (Doc. #48). Defendant's failure to file a substantive reply brief in support of the motion was a factor in the Court's decision because she failed to rebut any of the arguments or evidence in Plaintiff's response. Summary judgment was denied on exhaustion because Defendant failed to demonstrate that there were remedies available to Plaintiff after his requests for grievance forms were denied (Id. at 5-6). The Court also denied Defendant's request for summary judgment for failure to state a claim and on qualified immunity grounds. The Court determined that Plaintiff sufficiently alleged that Defendant was linked to the alleged violation (Id. at 8-9). On the qualified immunity issue, the Court found that there was a triable issue of fact as to whether Defendant violated a constitutional right and, because Defendant failed to address one step of the qualified immunity analysis, summary judgment was denied (Id. at 7-10).

Defendant contended that the Order was manifestly unjust and moved for reconsideration (Doc. #49). She argued that the Order was based on a misinterpretation of the ADC's grievance policies and an incorrect reliance on the ADC Diet Reference Manual (Id. at 1). Defendant further argued that the Court ruled on the qualified immunity issue without full consideration of Defendant's argument regarding the lack of a constitutional violation (Id. at 4).

The Court issued an Order providing Plaintiff the opportunity to respond to the motion (Doc. #61). In his response, Plaintiff argued that reconsideration is not warranted because there was no manifest error with the summary judgment Order, and Defendant did not present any new evidence that was not available at the time she originally moved for summary judgment (Doc. #68 at 2, 6-7).

Defendant replied that supplementing the record should be permissible to correct the Court's misapplication of the policies governing service of religious meals to inmates in

---

[2]Plaintiff's two other counts were dismissed for failure to state a claim (Doc. #6).

- 2 -

lockdown units (Doc. #72 at 2). Defendant argued that Plaintiff's unorthodox response to the Motion for Summary Judgment "manipulated the procedural posture of the case" and caused Defendant to forgo submitting a reply brief in support of the motion (Id. at 5-6). The reply also reasserted the contentions set forth in the motion for reconsideration (Id. at 7-15). Plaintiff then filed a motion seeking leave to file a sur-response to Defendant's reply and the new arguments raised therein (Doc. #73). Defendant opposed the motion (Doc. #74).

Meanwhile, Plaintiff filed a "Delayed Motion Seeking Relief from Previous Order and Seeking Partial Relief from Current Order" in which he renewed an objection to the Court's Screening Order dismissing two Defendants from this action (Doc. #52). Plaintiff added an objection to the summary judgment Order barring any claim for damages against Defendant in her official capacity (Id. at 2-3). Defendant opposed the motion and argued that it is essentially a request for reconsideration that is not warranted (Doc. #54). Plaintiff replied and contended that he does not seek reconsideration; rather, he presents new arguments as a result of the summary judgment Order issued by the Court (Doc. #64). Defendant then filed a motion to either strike Plaintiff's reply or provide her leave to respond to the objections raised therein (Doc. #67).[3]

## II.     **Motion for Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D.Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F.Supp. 1572, 1573 (D.Haw. 1988). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). "No motion for reconsideration shall repeat in any manner any oral or written argument made

---

[3] In her motion to strike, Defendant also sought to strike Plaintiff's reply brief in support of his Motion for Monetary Damages (See reply, Doc. #65; See motion, Doc. #51). Because the Court has already ruled on Plaintiff's motion for damages, Defendant's request to strike the reply is denied as moot (See Order, Doc. #58).

in support of or in opposition to the original motion." Motorola, Inc. v. J.B. Rogers Mechanical Contractors, Inc., 215 F.R.D. 581, 586 (D.Ariz. 2003).

At the onset, the Court notes that Defendant's motion for reconsideration does not present any newly discovered evidence, is not based on an intervening change in controlling law, and repeats many arguments that were made in support of her summary judgment motion. Defendant argues that repetition is necessary to avoid manifest injustice because the Court misapplied facts and misinterpreted the evidence submitted in support of the original motion (Doc. #49 at 1). Most of the contentions set forth in Defendant's pending motion, however, are more appropriate for a reply memorandum in support of summary judgment, which Defendant never submitted. For example, she responds to Plaintiff's affidavit—submitted with his response to the summary judgment motion—in which he described his attempts to utilize the grievance system (Id. at 4-5). Also, the most extensive argument section in the motion for reconsideration concerns Defendant's alleged lack of involvement in a constitutional deprivation and lack of authority to remedy the situation (Id. at 8-12). Defendant's liability happened to be Plaintiff's most extensive argument in his response brief (Doc. #38 at 7-12). When a defendant does not object to a plaintiff's declarations or otherwise controvert the matters described therein in a reply memorandum, those facts are deemed undisputed. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2722 (3d ed. 1998) ("[a]s is true of other material introduced on a summary judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged") (footnotes omitted). Plaintiff is therefore correct in his contention that Defendant's attempt to re-argue the same claims is simply not appropriate in a motion for reconsideration (Doc. #68 at 9-10, 12).

In her reply in support of the motion for reconsideration,[4] Defendant appears to argue that her failure to file a reply brief supporting the summary judgment motion should be excused due to her confusion caused by Plaintiff's unorthodox titling of briefs and litigation tactics and "the lack of clarity" as to what the Local Rules allowed her to file (Doc. #72 at

---

[4]Defendant's 15-page reply does not comport with the local rules governing the length of motions and memoranda (Doc. #72). Under Rule 7.2(e) of the Local Rules of Civil Procedure, a reply brief, including its supporting memorandum, shall not exceed 11 pages.

5-7). These excuses are patently insufficient to show good cause for failing to submit a reply. First, when Plaintiff's response brief—titled "Motion Requesting Court to Deny Defendant's Motion for Summary Judgment or Stay Defendant's Motion until Plaintiff Receives Requested Discovery"—was filed, the Court docketed the motion as "Response to Motion re 31 Motion for Summary Judgment *Defendant Vanessa Klein's Motion for Summary Judgment*" (Doc. #38). The U.S. District Court District of Arizona Case Management/Electronic Case Filing (CM/ECF) system reflects that three defense counsel representatives were sent electronic notice of this filing and, as on the docket, the notice referred to the filing as "Response to Motion re [31] Motion for Summary Judgment" (Doc. #38, Receipt).[5] The record indicates that there has been no substitution of counsel for Defendant. This direct notification to Defendant of a *response to the summary judgment motion* filed by Plaintiff should have alleviated any confusion that may have stemmed from the title of Plaintiff's brief.

Defendant maintains that she properly responded to Plaintiff's brief, which she refers to as a discovery motion, and argued that no discovery was necessary to rule on the merits of the summary judgment motion (Doc. #72 at 5; Doc. #41). But Defendant did not address the bulk of Plaintiff's brief, which disputed the factual allegations in Defendant's Motion for Summary Judgment (Doc. #38 at 7). Plaintiff directly responded to the arguments in Defendant's summary judgment motion; specifically, he argued that (1) he did state a claim against Defendant as evidenced by the Court's own screening Order that required an answer to his allegations (Id. at 8-9); (2) Defendant's inaction and failure to remedy the situation made her liable for the alleged constitutional violation (Id. at 10); (3) Defendant is not entitled to qualified immunity (Id. at 13); (4) injunctive relief was proper (Id.); and (5) he attempted to properly exhaust his remedies but the issue remained unresolved (Id. at 12). In addition, Plaintiff submitted an affidavit with his filing that focused almost entirely on the issue of exhaustion and his attempts to grieve (Doc. #39). Contrary to Defendant's implication that the Court may have improperly construed this filing as a response, Plaintiff

---

[5]Notice of the response filing was electronically mailed to pcoppinger@ghlaw.com, khart@ghlaw.com, and gcote@ghlaw.com (Doc. #38, Receipt).

obviously and more than adequately set forth his own defenses to the summary judgment motion, and he supported his claims of exhaustion with affidavit evidence. Curiously, Defendant chose to reply only to Plaintiff's discovery issues and wholly avoided those arguments opposing summary judgment. Even assuming, *arguendo*, that it was not clear that Plaintiff's brief was a response to Defendant's summary judgment motion, the Court made it explicitly so when it issued its Order stating that, "[t]he Court will consider plaintiff's Motion and Affidavit filed as Documents 38 and 39 as his response to defendant Klein's Motion for Summary Judgment" (Doc. #46).[6] This Order was docketed on September 21, 2006 (Id.). Defendant contends that "given the protracted timeframes involved" and the failure of the Local Rules to address this unusual situation, she did not seek to file a reply (Doc. #72 at 6). But there is nothing in the Local Rules that precluded Defendant from seeking leave of the Court to file a reply in light of its Order designating Plaintiff's motion and affidavit as a response. The Order partially denying summary judgment was issued on December 27, 2006; thus, Defendant had three months after the Court's clarifying Order to attempt to address Plaintiff's arguments and affidavit testimony (Doc. #48).

In light of the foregoing, Defendant's motion falls well short of establishing any basis for reconsideration.[7] Consequently, Defendant's motion will be denied.

### III. Plaintiff's Motion for Relief and Defendant's Motion to Strike

Plaintiff moves the Court to (1) re-instate his claim for money damages against Defendant in her official capacity, and (2) re-instate his claims against Canteen Food Services, Inc. and an unknown assistant (Doc. #52). Defendant is correct that Plaintiff's motion is more aptly viewed as a motion for reconsideration of the summary judgment Order

---

[6] The CM/ECF Receipt confirms that the three registered defense counsel representatives were sent notice of this Order (Doc. #46, Receipt).

[7] The only point worth noting is Defendant's objection to the Court's reliance on information presented in the ADC Diet Reference Manuel, which Defendant proffered in support of her motion, because the policy described therein refers to the service of meals to inmates in general population, not in lockdown (See Doc. #49 at 8). Even when excluding this provision, there remains a disputed issue of fact as to whether Defendant's acts or failure to act resulted in a constitutional deprivation.

(Doc. #48), which dismissed the money damages claim against Defendant in her official capacity, and the screening Order (Doc. #6), which dismissed Canteen and the unknown assistant (Doc. #54, Def.'s Resp.). As with Defendant's motion, there are no grounds presented that warrant reconsideration.

Even assuming Defendant is liable in her official capacity, money damages are unavailable. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As to liability on the part of Canteen Food Services, Inc., Plaintiff must demonstrate that there was an official policy or custom that inflicted the alleged constitutional injury. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991). Even when considering the new allegations in Plaintiff's pending motion, he has failed to state a claim against Canteen. As the Court explained in its screening Order, if Plaintiff was able to discover the identity of the unknown assistant, he could seek leave of the Court to amend his Complaint to name the individual as a Defendant (Doc. #6). Plaintiff has not indicated that he discovered the name of the assistant. Plaintiff's Motion for Relief will therefore be denied.         Defendant's "Motion to Strike or in the Alternative for Leave to Reply to the Prisoner Plaintiffs' Objection Briefs" is actually a motion to strike Plaintiff's reply in support of his Motion for Relief (Doc. #67). Because the Court is denying Plaintiff's motion, Defendant's motion to strike will be denied as moot.

**IV.    Motion for Leave to File a Traverse**

In his motion, which is titled "Petition for Leave to File a Traverse to Discuss Defendant's Conclusory Allegations Against the Plaintiff in her March 30, 2007 Reply," Plaintiff seeks leave to file a sur-response to Defendant's reply memorandum given that the reply raised new arguments (Doc. #73). Plaintiff also moves the Court to stay its decision on the motion for reconsideration so that he may meet with Defendant. For the reasons discussed *supra*, a sur-response from Plaintiff is unnecessary. And Plaintiff's motion does not show good cause to stay the determination of Defendant's motion for reconsideration. Plaintiff's requests will be denied.

**IT IS ORDERED:**

(1) Defendant's Motion for Reconsideration of the December 27, 2006 Summary Judgment Order (Doc. #49) is **denied.**

- 7 -

(2) Plaintiff's Delayed Motion Seeking Relief from Previous Order and Seeking Partial Relief from Current Order (Doc. #52) is **denied**.

(3) Defendant's Motion to Strike or in the Alternative for Leave to Reply to the Prisoner Plaintiff's Objection Briefs (Doc. #67) is **denied**.

(4) Plaintiff's Motion for Leave to File a Traverse (Doc. #73) is **denied**.

DATED this 16th day of May, 2007.

_____
Mary H. Murgula
United States District Judge