**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jenghiz K. Stewart, ) | No. CV-05-2567-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Vanessa Klein, ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Currently pending before the Court is Plaintiff Jenghiz K. Stewart's Renewed Motion for Judgment as a Matter of Law, (Dkt.#241). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

    A renewed motion for judgment as a matter of law is properly granted "if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). The "jury's verdict must be upheld if its is supported by substantial evidence, which is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion." Id. Accordingly, a court "can overturn the jury's verdict and grant such a motion only if there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Costa v. Desert Palace, Inc., 299 F.3d 858, 859 (9th Cir. 2002) (internal citations omitted). If there is "sufficient evidence before the jury on a particular issue, and if the jury instructions on the issue were correct, then the

jury's verdict must stand." Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir. 1985).

In ruling on a motion for judgment as a matter of law, the trial court must view all evidence in the light most favorable to the nonmoving party, draw all reasonable inferences in the favor of the nonmover, and disregard all evidence favorable to the moving party that the jury is not required to believe. Costa, 299 F.3d at 859. The court "may not substitute [its] view of the evidence for that of the jury," nor can the court "make credibility determinations nor weigh the evidence." Id. The "high hurdle" of the 50(b) standard thus "recognizes that credibility, inferences, and factfinding are the province of the jury, not [the] court." Id.

At the conclusion of the presentation of evidence, the Court instructed the jury that, in order to prevail on his claim against Klein, Stewart must establish a causal connection between Klein's conduct and the alleged infringement of his First Amendment right to the free exercise of religion. The Court also instructed the jury that, in order to demonstrate that his free exercise rights were violated, Stewart must demonstrate that: (a) his practice of consuming a diet that excludes meat and egg products is sincerely held and rooted in religious belief; (b) during the relevant time frame, he received a diet that contained meat or egg products; and (c) the diet he received substantially burdened his religious practice by interfering with a tenet or belief that is central to his religious doctrine. The Court also instructed the jury that "substantially burdened" means that the interference complained of must be more than an inconvenience, an isolated incident or a short-term occurrence.

In his Rule 50(b) Motion, Stewart does not challenge the instructions given to the jury or point to any alleged error in the trial proceedings. Instead, Stewart attacks the credibility of certain witnesses, argues about a purported inability to adequately prepare for trial, and claims that, although he adduced no evidence linking Klein to the alleged discrepancies in his meals at trial, the jury nonetheless should have concluded that Klein knew about them by virtue of her duties and responsibilities as manager of the kitchen that prepared his meals and could have ensured that the alleged discrepancies were resolved, but did not do so.

Despite Stewart's protestations, the jury reasonably and justifiably determined that the evidence did not establish that the alleged discrepancies in meals about which Stewart complains: (a) substantially burdened his religious practice; or (b) were causally connected to Klein's conduct. The mere fact that Stewart views the evidence differently than the jury does not demonstrate that the jury's interpretation of the evidence is unreasonable or that the only reasonable conclusion the evidence supports is contrary to the jury's verdict. See Sorkilmo v. Qwest Corp., 2006 WL 778706 at *1 (D. Ariz. Mar. 27, 2006) (Teilborg, J.) (denying Rule 50(b) motion because, although moving party's "view of events could be construed as a possible interpretation of the evidence, . . . the jury's interpretation is a reasonable one. . . .").

Because the jury's verdict was supported by substantial evidence, the Court cannot properly overturn it, as Stewart recommends. As such, Stewart's Renewed Motion for Judgment as a Matter of Law must be denied.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff Jenghiz K. Stewart's Renewed Motion for Judgment as a Matter of Law, (Dkt.#241).

**IT IS FURTHER ORDERED** denying as moot Plaintiff's Motion for Status, (Dkt.#255).

DATED this 17th day of November, 2009.

_____
Mary H. Murguia
United States District Judge